FILED

2006 Jun-30  PM 03:28
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER  DIVISION

| | | |
|---|---|---|
| **BITUMINOUS CASUALTY CORPORATION,** | ) ) ) | |
| Plaintiff, | ) ) | |
| **v.** | ) ) ) | Civil Action Number **6:06-cv-01065-UWC** |
| **BEACON ASPHALT, INC.  and PHILLIP MICHAEL LINDLEY as personal representative of the estate of DEREK JEROME LINDLEY, deceased,** | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

On June 6, 2006, a declaratory judgment action was filed by Plaintiff Bituminous

Casualty Corporation ("Bituminous") against Defendants Beacon Asphalt, Inc., ("Beacon") Tri-

County Construction, Inc. ("Tri-County") and Philip Michael Lindley as personal representative

of the Estate of Derek Jerome Lindley ("Lindley") for a determination of whether Bituminous has

a duty to defend or a duty to indemnify Beacon in a state court action pending in the Circuit

Court of Marion County, Alabama (CV-2005-27).

The present matter before this Court is a motion to dismiss filed by Lindley and opposed

by Bituminous.   Upon careful consideration, this Court finds that the motion is due to be

granted.

As clearly stated in the Complaint for Declaratory Judgment, "This action ... arises out of

Beacon's request for defense and indemnity in the lawsuit styled *Philip Michael Lindley as the*

*Personal Representative of the Estate of Derek Jerome Lindley, deceased v. Magnolia Trailors,*

*Inc. et al*, which is pending in the Circuit Court of Marion County, Alabama, under case number

CV-2005-27."  The state action (CV-2005-27), a wrongful death claim, was filed on February 7,

2005, arising from an accident occurring in September 2004. (Compl. ¶10.)  Bituminous is

providing Beacon with defense counsel in the state court action pursuant to a full reservation of

rights.

The question of whether Bituminous owes a duty to defend and/or a duty to indemnify

necessarily requires a construction of insurance policy provisions involving the application of

state law rather than federal law.  Moreover, this declaratory judgment action appears to be an

unnecessary interference with the state action noted above.  The pivotal question is whether the

abstention doctrine applies.  *See Ameritus Variable Life Insurance Coompany v. Roach*, 411 F.3d

1328 (11th Cir. 2005) (affirming the district court's exercise of discretion in the dismissal of an

insurer's declaratory judgment in favor of a pending state action).  "[I]t would be uneconomical

as well as vexatious for a federal court to proceed in a declaratory judgment suit where another is

pending in a state court presenting the same issues, not governed by federal law, between the

same parties." *Id.* at 1330 (quoting *Brillhart v. Excess Ins. Co.*, 326 U.S. 491, 495 (1942)).

In opposition to the motion to dismiss, Bituminous seeks to distinguish *Ameritas*

*Variable Life Ins. Co. v. Roach* by noting that Bituminous, as the insurer providing defense

counsel in the state court action, is not actually a party in the state court action. But, Bituminous

has not suggested any reason why it cannot intervene in the state court action so that the

declaratory judgment issues can be resolved in the state court forum.

The pending state court action has been ongoing since February 7, 2005 with all the attendant issues surrounding the case before the state court.  Further, the determination of the insurer's duty to defend and/or indemnify entails the application of state law not federal law.

In consideration of the relevant facts and circumstances  and in the interest of judicial economy, this Court should and will exercise its discretion to abstain from this declaratory action in favor of the pending state court action.

By separate order, this case will be dismissed.

Done this 30th day of June, 2006.

U.W. Clemon
Chief United States District Judge